CHAIN | COHN | STILES
Neil K. Gehlawat, Esq. (SBN 289388) | ngehlawat@chainlaw.com
1731 Chester Avenue
Bakersfield, CA 93301
Telephone: (661) 323-4000
Facsimile: (661) 324-1352

THE LAW OFFICE OF THOMAS C. SEABAUGH
Thomas C. Seabaugh, Esq. (SBN 272458) | tseabaugh@seabaughfirm.com
601 West Fifth Street, Eighth Floor
Los Angeles, CA 90071
Telephone: (213) 225-5850

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY PEREZ, individually, CECILIA PEREZ, individually, TERRALEE PEREZ, individually and as successor in interest to Joseph Perez, JOSEPH PEREZ, JR., individually and as successor in interest to Joseph Perez, and X.P., a minor, by and through his Guardian ad Litem, MICHELLE PEREZ, individually and as successor in interest to Joseph Perez, <br><br>Plaintiffs, <br><br>v. <br><br>CITY OF FRESNO, COUNTY OF FRESNO, JAMES ROSSETTI, an individual, SEAN CALVERT, an individual, CHRIS MARTINEZ, an individual, BRAITHAN STOLTENBERG, an individual, ROBERT MCEWEN, an individual, KARLSON MANASAN, an individual, JIMMY ROBNETT, an individual, and DOES 1-10, inclusive, <br><br>Defendants. | CASE NO. <br><br>**COMPLAINT FOR DAMAGES** <br><br>1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983) <br>2. Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983) <br>3. Municipal Liability (42 U.S.C. § 1983) <br>4. Violation of Bane Act (Cal. Civil Code § 52.1) <br>5. Battery (Wrongful Death) <br>6. Negligence (Wrongful Death) <br><br>**DEMAND FOR JURY TRIAL** |

# COMPLAINT

ANTHONY PEREZ; CECILIA PEREZ; JOSEPH PEREZ, JR.; TERALEE PEREZ; and X.P., a minor by and through his guardian ad litem, MICHELLE PEREZ (collectively, "Plaintiffs"), individually and as successors-in-interest to Joseph Perez ("Decedent"), for their Complaint against City of Fresno, County of Fresno, Sergeant James Rossetti, Officer Sean Calvert, Officer Chris Martinez, Deputy Braithan Stoltenberg, Deputy Robert McEwen, Deputy Karlson Manasan, Deputy Jimmy Robnett, and Does 1-10 ("Defendants") allege as follows:

## INTRODUCTION

1. Joseph Perez died in the course of being taken into custody by the defendant law enforcement officers. The Fresno County Sheriff Coroner's Office determined the manner of his death to be a homicide. The cause of death was determined to be compressive asphyxia during restraint.

2. In this civil rights and state tort action, the family of Joseph Perez seeks remedies from Defendants under the United States Constitution and state law.

## JURISDICTION AND VENUE

3. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution. This Court has supplemental jurisdiction over Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

4. Venue is proper in this Court under 28 U.S.C. § 1391(b) because: (1) a substantial part of the events or omissions giving rise to the claim occurred in this judicial district; and (2) Defendants reside within this judicial district.

## PARTIES

5. Plaintiffs ANTHONY PEREZ and CECILIA PEREZ are the father and mother, respectively, of Decedent.

6. Plaintiff TERALEE PEREZ is the wife of Decedent.

7. Plaintiff JOSEPH PEREZ, JR. is an adult child of Decedent.

8. Plaintiff X.P. is a minor child of Decedent.

9. A petition to appoint MICHELLE PEREZ as Guardian Ad Litem for Plaintiff X.P. is filed concurrently with this Complaint.

10. Plaintiffs TERALEE PEREZ, JOSEPH PEREZ, JR., and X.P. are successors-in-interest of Decedent.

11. At all relevant times, Defendant CITY OF FRESNO (hereinafter, "City") is and was a municipal corporation existing under the laws of the State of California. The City is a chartered subdivision of the State of California with the capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Fresno Police Department and its agents and employees. City was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant City was the employer of Defendants Rossetti, Calvert, and Martinez.

12. At all relevant times, Defendant COUNTY OF FRESNO (hereinafter, "County") is and was a municipal corporation under the laws of the State of California. County is a chartered subdivision of the State of California with the capacity to be sued. County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Fresno County Sheriff's Department and its agents and employees. At all relevant times, Defendant County was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, Defendant County was the employer of Defendants Stoltenberg, McEwen, Manasan, and Robnett.

13. At all relevant times, Defendants Sergeant JAMES ROSSETTI (hereinafter, "Sgt. Rossetti"), Officer SEAN CALVERT (hereinafter, "Officer Calvert"), and Officer CHRIS MARTINEZ (hereinafter, "Officer Martinez") (collectively, "the FPD Defendants") were duly authorized employees and agents of the City, subject to oversight by the City's elected and non-

elected officials, and were acting under color of law within the course and scope of their duties as police officers for the Fresno Police Department and with the complete authority and ratification of the City. On information and belief, the FPD Defendants are residents of the County of Fresno, State of California. At all relevant times, Defendant City was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. Pursuant to Government Code § 815.2, the City is vicariously liable for the torts committed by the FPD Defendants while in the course and scope of their employment with the City.

14. At all relevant times, Defendants Deputy BRAITHAN STOLTENBERG (hereinafter, "Deputy Stoltenberg"), Deputy ROBERT MCEWEN (hereinafter, "Deputy McEwen"), Deputy KARLSON MANASAN (hereinafter, "Deputy Manasan"), and Deputy JIMMY ROBNETT (hereinafter, "Deputy Robnett") (collectively, "the FCSD Defendants") were sheriff's deputies or other employees of the Fresno County Sheriff's Department, subject to oversight by the County's elected and non-elected officials, and were acting under color of law within the course and scope of their duties as sheriff's deputies at Fresno County Sheriff's Department. On information and belief, the FCSD Defendants are residents of the County of Fresno, State of California. At all relevant times, Defendant County was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and of the State of California. Pursuant to Government Code § 815.2, the County is vicariously liable for the torts committed by the the FCSD Defendants while in the course and scope of their employment with the County.

15. The true names of DOES 1-10, inclusive, are unknown to Plaintiffs, who therefore sue these defendants by such fictitious names. Plaintiffs will seek leave to amend this complaint to show the true names and capacities of these defendants when they have been ascertained. Each of the fictitiously-named defendants is a law enforcement officer employed by either the City or the County and is responsible in some manner for the conduct and liabilities alleged herein.

16. The FPD Defendants, FCSD Defendants, and Does 1-10 are directly liable for Decedent's wrongful death under federal and state law and are sued in their individual capacities

CHAIN | COHN | STILES
1731 CHESTER AVENUE
BAKERSFIELD, CA 93301
(661) 323-4000

for damages only. The FPD Defendants, FCSD Defendants, and Does 1-10 engaged in the conduct described below, integrally participated in it, or failed to intervene to prevent it when they had a reasonable opportunity to do so.

17. On September 21, 2017, Plaintiffs filed comprehensive and timely claims for damages with the County and City pursuant to applicable sections of the California Government Code.

18. On November 2, 2017, the City denied Plaintiffs' claims in writing.

19. On December 5, 2017, the County denied Plaintiffs' claims in writing.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

20. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

21. Based on the information currently available, Plaintiffs allege that on May 10, 2017 at or around 10:30 a.m., the FPD Defendants responded to a call regarding an individual who was talking to himself at or near Palm Avenue and Santa Fe Way in Fresno, California. Following this call, an encounter took place between FPD Defendants, FCSD Defendants, Does 1-10, and Decedent.

22. At one point during the encounter, the Decedent was handcuffed and sitting on a curb, surrounded by FPD Defendants, FCSD Defendants, and Does 1-10, and he did not appear to be resisting arrest.

23. The FPD Defendants, FCSD Defendants, and Does 1-10 used force against Decedent and restrained him.

24. In the course of the encounter, FPD Defendants, FCSD Defendants, and Does 1-10 caused Decedent's death by asphyxiating him.

25. The cause of Decedent's death was determined to be compressive asphyxia during restraint. The manner of death was determined to be a homicide.

# FIRST CLAIM FOR RELIEF

## Fourth Amendment – Excessive Force (42 U.S.C. §1983)

(Against FPD Defendants, FCSD Defendants, and Does 1-10)

26. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

27. The FPD Defendants, FCSD Defendants, and Does 1-10 used excessive and unreasonable force against Decedent. This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

28. As a result of the foregoing, Decedent lost his life. Up until the time of his death, he experienced physical pain and emotional distress.

29. The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages.

30. The FPD Defendants, FCSD Defendants, and Does 1-10 are liable for Decedent's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

31. Plaintiffs bring this claim individually and as successors-in-interest to the Decedent, and seek both survival and wrongful death damages. Plaintiffs also seek funeral and burial expenses and attorney's fees.

# SECOND CLAIM FOR RELIEF

## Fourteenth Amendment – Substantive Due Process (42 U.S.C. §1983)

(Against FPD Defendants, FCSD Defendants, and Does 1-10)

32. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

33. Plaintiffs each had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that would deprive them of life, liberty, or property in such a manner as to shock the conscience, including

state actions that interfere with Plaintiffs' familial relationship with their loved one and family member, Decedent.

34. Decedent had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of life, liberty, or property in such a manner as to shock the conscience.

35. The aforementioned actions of the FPD Defendants, FCSD Defendants, and Does 1-10, along with undiscovered conduct, shock the conscience, in that they acted with deliberate indifference to the constitutional rights of Decedent and Plaintiffs or with purpose to harm unrelated to any legitimate law enforcement objective.

36. The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages.

37. Plaintiffs bring this claim individually and as successors-in-interest to the Decedent and seek both survival and wrongful death damages. Plaintiffs also seek funeral and burial expenses and attorney's fees.

### THIRD CAUSE OF ACTION

**Municipal Liability**

(Against the City and County)

38. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

39. The FPD Defendants, FCSD Defendants, and Does 1-10 acted under color of law.

40. The acts of the FPD Defendants, FCSD Defendants, and Does 1-10 deprived Decedent and Plaintiffs of their particular rights under the United States Constitution, as described above.

41. Upon information and belief, the City and the County have determined or will determine that the conduct of FPD Defendants, FCSD Defendants, and Does 1-10 was within policy. To Plaintiffs' knowledge, none of FPD Defendants, FCSD Defendants, or Does 1-10 have been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the

incident. On information and belief, a final policymaker(s) for the City and/or County has ratified or will ratify the conduct of FPD Defendants, FCSD Defendants, and Does 1-10 and the bases for it.

42. Plaintiffs further allege that the training policies of the City and/or Country were not adequate to train law enforcement officers to handle the usual and recurring situations with which they must deal. Specifically, as evidenced by this incident, the City and/or Country did not adequately train its officers adequately with respect to the use of force and restraint techniques, including without limitation the danger of asphyxia during restraint. Also, as evidenced by this incident, the City and/or Country did not adequately train its officers to intervene when other officers are observed to be acting unreasonably, using excessive force, or using dangerous and improper restraint techniques. Plaintiffs allege that the City and/or County were deliberately indifferent to the obvious consequences of its failure to train its police officers adequately. The failure of the City and/or County to provide adequate training caused the deprivation of the Decedent's and Plaintiff's rights.

43. Upon information and belief, Plaintiffs further allege that the City and/or County maintained unconstitutional customs, practices, and/or policies, including inter alia with respect to using restraint methods that cause asphyxia and death. Defendant City and/or County, including its relevant officials, whether named or unnamed, had actual or constructive knowledge of these deficient policies, practices and customs.

44. Based on the above, Plaintiffs contends that the City and/or County are directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 691 (1978).

45. Plaintiffs bring this claim individually and as successors-in-interest to the Decedent and seek both survival and wrongful death damages. Plaintiffs also seek funeral and burial expenses and attorney's fees.

## FOURTH CAUSE OF ACTION

**Violation of Bane Act (Cal. Civil Code § 52.1)**

(Against All Defendants)

46. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

47. The FPD Defendants, FCSD Defendants, and Does 1-10, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Decedent, including using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

48. When the FPD Defendants and FCSD Defendants caused Decedent to asphyxiate, they interfered with his civil rights, including without limitation his rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, and to life liberty, and property.

49. The FPD Defendants, FCSD Defendants, and Does 1-10 successfully interfered with the above civil rights of Decedent.

50. The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 caused Decedent's death.

51. The City and County are vicariously liable for the wrongful acts of the FPD Defendants and FCSD Defendants and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

52. The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, justifying an award of exemplary and punitive damages.

53. Plaintiffs bring this claim as successors-in-interest to the Decedent and seek both survival and wrongful death damages, together with the statutory damages and attorneys' fees, under this claim.

## FIFTH CAUSE OF ACTION

### Battery – Wrongful Death (California Common Law)

(Against All Defendants)

54. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

55. The FPD Defendants, FCSD Defendants, and Does 1-10, while working as city police officers and sheriff's deputies, and acting within the course and scope of their duties, used unreasonable and excessive force against Decedent. As a result of the actions of the FPD Defendants and FCSD Defendants, Decedent experienced pain and suffering and ultimately died.

56. As a result of the actions of the FPD Defendants and FCSD Defendants, Plaintiffs were deprived of the lifelong love, companionship, comfort, support, society, care, sustenance, training, and guidance of the Decedent, and will continue to be so deprived for the remainder of their natural lives.

57. The City and County are vicariously liable for the wrongful acts of the FPD Defendants, FCSD Defendants, and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

58. The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs, individually and as successors-in-interest to Decedent, to an award of exemplary and punitive damages.

59. Plaintiffs bring this claim individually and as successors-in-interest to the Decedent, and seek both survival and wrongful death damages under this claim.

## SIXTH CAUSE OF ACTION

### Negligence – Wrongful Death (California Common Law)

(Against All Defendants)

60. Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

61. The actions and inactions of the FPD Defendants, FCSD Defendants, and Does 1-10 described above – together with undiscovered conduct – were negligent and reckless.

62. The following conduct, without limitation, fell below the standard of care:
   a. the negligent tactics preceding and during the encounter with Decedent;
   b. the failure to properly and adequately assess Decedent's medical and/or mental health condition.
   c. the negligent determination to take Decedent into custody and/or escalation of the encounter;
   d. the negligent use of force against Decedent;
   e. the negligent restraint of Decedent; and
   f. the failure to recognize that Decedent was asphyxiating.

63. As a direct and proximate result of the conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 as alleged above, together with other negligent conduct not described or undiscovered, Decedent experienced pain and suffering and lost his life. Also as a direct and proximate result of the FPD Defendants and FCSD Defendants' conduct as alleged above, Plaintiffs suffered emotional distress and mental anguish. Plaintiffs also have been deprived of the life-long love, companionship, comfort, support, society, care, sustenance, training, and guidance of Decedent, and will continue to be so deprived for the remainder of their natural lives.

64. Defendant City and County are vicariously liable for the wrongful acts of FPD Defendants, FCSD Defendants, and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

65. Plaintiffs bring this claim individually and as successors-in-interest to the Decedent, and seek both survival and wrongful death damages under this claim.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Anthony Perez, Cecilia Perez, Joseph Perez, Jr., Teralee Perez, and X.P., a minor by and through his guardian ad litem, Michelle Perez, request entry of judgment in their favor and against Defendants as follows:

A. For compensatory damages, in an amount to be proven at trial, including both survival damages and wrongful death damages under federal and state law;

B. For funeral and burial expenses in an amount to be proven at trial;

C. For statutory damages, in the amount permitted by law;

D. For punitive damages against the individual defendants, in an amount to be proven at trial;

E. For statutory damages;

F. For interest;

G. For reasonable costs of this suit and attorneys' fees;

H. For costs of suit; and

I. For such further relief as the Court may deem just, proper, and appropriate.

DATED: January 23, 2018                    CHAIN | COHN | STILES

                                           */s/ Neil K. Gehlawat*
                                           BY: _____
                                           Neil K. Gehlawat
                                           Attorney for Plaintiffs

DATED: January 23, 2018                    THE LAW OFFICE OF THOMAS C. SEABAUGH

                                           */s/ Thomas C. Seabaugh*
                                           BY: _____
                                           Thomas C. Seabaugh
                                           Attorney for Plaintiffs

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury.

DATED: January 23, 2018                     CHAIN | COHN | STILES

                                            */s/ Neil K. Gehlawat*
                                            BY: _____
                                            Neil K. Gehlawat
                                            Attorney for Plaintiffs

DATED: January 23, 2018                     THE LAW OFFICE OF THOMAS C. SEABAUGH

                                            */s/ Thomas C. Seabaugh*
                                            BY: _____
                                            Thomas C. Seabaugh
                                            Attorney for Plaintiff