1
2
3
4

**ALDERLAW, PC**
Neil Gehlawat, Esq. (SBN 289388)
1875 Century Park East, Suite 1500
Los Angeles, CA 90067
Tel:   (310) 275-9131
Fax:  (310) 275-9132
ngehlawat@alderlaw.com

5
6

Attorneys for Plaintiffs,
ANTHONY PEREZ, et al.

7

# UNITED STATES DISTRICT COURT

8
9

# EASTERN DISTRICT OF CALIFORNIA

10
11
12
13
14
15
16
17

ANTHONY PEREZ, individually,
CECILIA PEREZ, individually,
TERRALEE PEREZ, individually and as
successor in interest to Joseph Perez,
JOSEPH PEREZ, JR., individually and
as successor in interest to Joseph Perez,
and
X.P., a minor, by and through his
Guardian ad Litem, MICHELLE PEREZ,
individually and as successor in interest
to Joseph Perez,

Plaintiffs,

v.

18
19
20
21
22
23
24

CITY OF FRESNO, COUNTY OF
FRESNO, AMERICAN AMBULANCE,
JAMES ROSSETTI, an individual,
SEAN CALVERT, an individual,
CHRIS MARTINEZ, an individual,
BRAITHAN STOLTENBERG, an
individual, ROBERT MCEWEN, an
individual, KARLSON MANASAN, an
individual, JIMMY ROBNETT, an
individual, MORGAN ANDERSON, an
individual, and DOES 1-10, inclusive,

Defendants.

CASE NO.: 1:18-cv-00127-AWI-EPG
[Hon. Anthony W. Ishii]

## FIRST AMENDED COMPLAINT FOR DAMAGES

1. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)
2. Fourth Amendment – Excessive Force (42 U.S.C. § 1983)
3. Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)
4. Fourteenth Amendment – Substantive Due Process (42 U.S.C. § 1983)
5. Municipal Liability (42 U.S.C. § 1983)
6. Violation of Bane Act (Cal. Civil Code § 52.1)
7. Battery (Wrongful Death)
8. Negligence (Wrongful Death)
9. Gross Negligence (Wrongful Death)

## DEMAND FOR JURY TRIAL

25
26
27
28

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-1

564190.docx

1  **FIRST AMENDED COMPLAINT**

2  ANTHONY PEREZ; CECILIA PEREZ; JOSEPH PEREZ, JR.;

3  TERRALEE PEREZ; and X.P., a minor by and through his guardian ad litem,

4  MICHELLE PEREZ (collectively, "Plaintiffs"), individually and as successors-in-

5  interest to Joseph Perez ("Decedent"), for their Complaint against City of Fresno,

6  County of Fresno, American Ambulance, Sergeant James Rossetti, Officer Sean

7  Calvert, Officer Chris Martinez, Deputy Braithan Stoltenberg, Deputy Robert

8  McEwen, Deputy Karlson Manasan, Deputy Jimmy Robnett, Morgan Anderson,

9  and Does 1-10 ("Defendants") allege as follows:

10  **INTRODUCTION**

11  1.    Joseph Perez died in the course of being taken into custody by the

12  defendant law enforcement officers. The Fresno County Sheriff Coroner's Office

13  determined the manner of his death to be a homicide. The cause of death was

14  determined to be compressive asphyxia during restraint.

15  2.    In this civil rights and state tort action, the family of Joseph Perez

16  seeks remedies from Defendants under the United States Constitution and state

17  law.

18  **JURISDICTION AND VENUE**

19  3.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and

20  1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United

21  States, including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of

22  the United States Constitution.  This Court has supplemental jurisdiction over

23  Plaintiffs' claims arising under state law pursuant to 28 U.S.C. § 1367(a), because

24  those claims are so related to the federal claims that they form part of the same

25  case or controversy under Article III of the United States Constitution.

26  4.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because: (1)

27  a substantial part of the events or omissions giving rise to the claim occurred in this

28  judicial district; and (2) Defendants reside within this judicial district.

-2

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

564190.docx

**PARTIES**

5.     Plaintiffs ANTHONY PEREZ and CECILIA PEREZ are the father and mother, respectively, of Decedent.

6.     Plaintiff TERRALEE PEREZ is the wife of Decedent.

7.     Plaintiff JOSEPH PEREZ, JR. is an adult child of Decedent.

8.     Plaintiff X.P. is a minor child of Decedent.

9.     MICHELLE PEREZ has been appointed the Guardian Ad Litem for Plaintiff X.P.

10.     Plaintiffs TERRALEE PEREZ, JOSEPH PEREZ, JR., and X.P. are successors-in-interest of Decedent.

11.     At all relevant times, Defendant CITY OF FRESNO (hereinafter, "City") is and was a municipal corporation existing under the laws of the State of California. The City is a chartered subdivision of the State of California with the capacity to be sued. The City is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Fresno Police Department and its agents and employees. City was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied with the laws of the United States and the State of California. At all relevant times, Defendant City was the employer of Defendants Rossetti, Calvert, and Martinez.

12.     At all relevant times, Defendant COUNTY OF FRESNO (hereinafter, "County") is and was a municipal corporation under the laws of the State of California. County is a chartered subdivision of the State of California with the capacity to be sued. County is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Fresno County Sheriff's Department and its agents and employees. At all relevant times, Defendant County was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of its employees and agents complied

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-3

1    with the laws of the United States and of the State of California. At all relevant

2    times, Defendant County was the employer of Defendants Stoltenberg, McEwen,

3    Manasan, and Robnett.

4        13.    At all relevant times, Defendant AMERICAN AMBULANCE is and

5    was the sole 9-1-1 provider for the exclusive operating area of Fresno County and

6    Kings County.  Upon information and belief, AMERICAN AMBULANCE is a

7    corporation with its principal place of business in Fresno, California.  AMERICAN

8    AMBULANCE is responsible for the actions, omissions, policies, procedures,

9    practices, and customs of its agents and employees.  At all relevant times,

10   Defendant AMERICAN AMBULANCE was responsible for assuring that the

11   actions, omissions, policies, procedures, practices, and customs of its employees

12   and agents complied with the laws of the State of California.  At all relevant times,

13   Defendant AMERICAN AMBULANCE was the employer of Defendant Morgan

14   Anderson.

15       14.    At all relevant times, Defendants Sergeant JAMES ROSSETTI

16   (hereinafter, "Sgt. Rossetti"), Officer SEAN CALVERT (hereinafter, "Officer

17   Calvert"), and Officer CHRIS MARTINEZ (hereinafter, "Officer Martinez")

18   (collectively, "the FPD Defendants") were duly authorized employees and agents

19   of the City, subject to oversight by the City's elected and non-elected officials, and

20   were acting under color of law within the course and scope of their duties as police

21   officers for the Fresno Police Department and with the complete authority and

22   ratification of the City.  On information and belief, the FPD Defendants are

23   residents of the County of Fresno, State of California. At all relevant times,

24   Defendant City was responsible for assuring that the actions, omissions, policies,

25   procedures, practices, and customs of its employees and agents complied with the

26   laws of the United States and of the State of California. Pursuant to Government

27   Code § 815.2, the City is vicariously liable for the torts committed by the FPD

28   Defendants while in the course and scope of their employment with the City.

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-4

564190.docx

1    15.    At all relevant times, Defendants Deputy BRAITHAN

2  STOLTENBERG (hereinafter, "Deputy Stoltenberg"), Deputy ROBERT

3  MCEWEN (hereinafter, "Deputy McEwen"), Deputy KARLSON MANASAN

4  (hereinafter, "Deputy Manasan"), and Deputy JIMMY ROBNETT (hereinafter,

5  "Deputy Robnett") (collectively, "the FCSD Defendants") were sheriff's deputies

6  or other employees of the Fresno County Sheriff's Department, subject to

7  oversight by the County's elected and non-elected officials, and were acting under

8  color of law within the course and scope of their duties as sheriff's deputies at

9  Fresno County Sheriff's Department. On information and belief, the FCSD

10  Defendants are residents of the County of Fresno, State of California.  At all

11  relevant times, Defendant County was responsible for assuring that the actions,

12  omissions, policies, procedures, practices, and customs of its employees and agents

13  complied with the laws of the United States and of the State of California. Pursuant

14  to Government Code § 815.2, the County is vicariously liable for the torts

15  committed by the FCSD Defendants while in the course and scope of their

16  employment with the County.

17    16.    At all relevant times, Defendant MORGAN ANDERSON is and was

18  an employee of American Ambulance, acting in the course and scope of his

19  employment as a paramedic with American Ambulance.  American Ambulance is

20  vicariously liable for the torts committed by ANDERSON while in the course and

21  scope of his employment with American Ambulance.

22    17.    The true names of DOES 1-10, inclusive, are unknown to Plaintiffs,

23  who therefore sue these defendants by such fictitious names.  Plaintiffs will seek

24  leave to amend this complaint to show the true names and capacities of these

25  defendants when they have been ascertained.  Each of the fictitiously-named

26  defendants is a law enforcement officer employed by either the City or the County

27  and is responsible in some manner for the conduct and liabilities alleged herein.

28

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

564190.docx

1      18.   The FPD Defendants, FCSD Defendants, Morgan Anderson, and

2  Does 1-10 are directly liable for Decedent's wrongful death under federal and state

3  law and are sued in their individual capacities for damages only. The FPD

4  Defendants, FCSD Defendants, American Ambulance, Morgan Anderson, and

5  Does 1-10 engaged in the conduct described below, integrally participated in it, or

6  failed to intervene to prevent it when they had a reasonable opportunity to do so.

7      19.   On September 21, 2017, Plaintiffs filed comprehensive and timely

8  claims for damages with the County and City pursuant to applicable sections of the

9  California Government Code.

10      20.   On November 2, 2017, the City denied Plaintiffs' claims in writing.

11      21.   On December 5, 2017, the County denied Plaintiffs' claims in writing.

12      **FACTS COMMON TO ALL CLAIMS FOR RELIEF**

13      22.   Plaintiffs repeat and re-allege each and every allegation in the above

14  paragraphs of this Complaint with the same force and effect as if fully set forth

15  herein.

16      23.   Based on the information currently available, Plaintiffs allege that on

17  May 10, 2017 at or around 10:30 a.m., the FPD Defendants responded to a call

18  regarding an individual who was talking to himself at or near Palm Avenue and

19  Santa Fe Way in Fresno, California. Following this call, an encounter took place

20  between FPD Defendants, FCSD Defendants, Morgan Anderson, Does 1-10, and

21  Decedent.

22      24.   At one point during the encounter, the Decedent was handcuffed and

23  sitting on a curb, surrounded by FPD Defendants, FCSD Defendants, and Does 1-

24  10, and he did not appear to be resisting arrest.

25      25.   The FPD Defendants, FCSD Defendants, Morgan Anderson, and

26  Does 1-10 used force against Decedent and restrained him.

27      26.   In the course of the encounter, FPD Defendants, FCSD Defendants,

28  Morgan Anderson, and Does 1-10 caused Decedent's death by asphyxiating him.

-6-

564190.docx

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

27.     The cause of Decedent's death was determined to be compressive asphyxia during restraint. The manner of death was determined to be a homicide.

## FIRST CLAIM FOR RELIEF

### Fourth Amendment – Excessive Force (42 U.S.C. §1983)

(Against FPD Defendants, FCSD Defendants, and Does 1-10)

28.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

29.     The FPD Defendants, FCSD Defendants, and Does 1-10 used excessive and unreasonable force against Decedent. This conduct deprived Decedent of his right to be secure in his person against unreasonable searches and seizures as guaranteed under the Fourth Amendment to the United States Constitution and applied to state actors by the Fourteenth Amendment.

30.     As a result of the foregoing, Decedent lost his life. Up until the time of his death, he experienced physical pain and emotional distress.

31.     The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 was willful, wanton, malicious, and done with reckless disregard for the rights and safety of Decedent, and therefore warrants the imposition of exemplary and punitive damages.

32.     The FPD Defendants, FCSD Defendants, and Does 1-10 are liable for Decedent's injuries and death, either because they engaged in the above conduct, because they were integral participants in the above conduct, or because they failed to intervene to prevent the above conduct.

33.     Plaintiffs bring this claim individually and as successors-in-interest to the Decedent, and seek both survival and wrongful death damages. Plaintiffs also seek funeral and burial expenses and attorney's fees.

///

///

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-7-

564190.docx

1

## SECOND CLAIM FOR RELIEF

2

### Fourth Amendment – Excessive Force (42 U.S.C. §1983)

3

(Against Morgan Anderson)

4   34.   Plaintiffs repeat and re-allege each and every allegation in the above

5   paragraphs of this Complaint with the same force and effect as if fully set forth

6   herein.

7   35.   The FPD Defendants and FCSD Defendants summoned emergency

8   medical personnel to the scene of the incident with Decedent.

9   36.   Anderson, a paramedic, and 2 EMTs (Dines and Ortiz) responded to

10   the scene at the request of the law enforcement officers.

11   37.   As the paramedic, Anderson was in charge of the emergency medical

12   personnel who responded to the scene.

13   38.   Upon arrival, Decedent was being restrained in a prone position on the

14   ground by the FPD and FCSD Defendants.

15   39.   Anderson decided to place a hard backboard onto Decedent's back

16   while he was being restrained in the prone position.  Anderson and the law

17   enforcement officers acted jointly in placing the backboard on Decedent's back.

18   40.   After the backboard was placed on Decedent's back, Anderson

19   instructed the law enforcement officers to sit on top of the board.  Following this

20   instruction, one of the FPD Defendants (Calvert) appeared to sit on top of the

21   board while Decedent was underneath the board.

22   41.   Anderson was acting under color of law and in conjunction with the

23   FPD Defendants and FCSD Defendants while on scene.

24   42.   Anderson integrally participated in the use of excessive force and

25   unreasonable force against Decedent, specifically by ordering the backboard to be

26   placed onto Decedent's back while he was in a prone position and by instructing

27   officers to sit on top of the board while Decedent was underneath the board in a

28   prone position.  This conduct deprived Decedent of his right to be secure in his

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-8

564190.docx

1  person against unreasonable searches and seizures as guaranteed under the Fourth

2  Amendment to the United States Constitution and applied to state actors by the

3  Fourteenth Amendment.

4      43.    As a result of the foregoing, Decedent lost his life. Up until the time

5  of his death, he experienced physical pain and emotional distress.

6      44.    The conduct of Anderson was willful, wanton, malicious, and done

7  with reckless disregard for the rights and safety of Decedent, and therefore

8  warrants the imposition of exemplary and punitive damages.

9      45.    Anderson is liable for Decedent's injuries and death, either because he

10  engaged in the above conduct, because he was an integral participant in the above

11  conduct, or because he failed to intervene to prevent the above conduct.

12      46.    Plaintiffs bring this claim individually and as successors-in-interest to

13  the Decedent, and seek both survival and wrongful death damages. Plaintiffs also

14  seek funeral and burial expenses and attorney's fees.

15              **THIRD CLAIM FOR RELIEF**

16    **Fourteenth Amendment – Substantive Due Process (42 U.S.C. §1983)**

17        (Against FPD Defendants, FCSD Defendants, and Does 1-10)

18      47.    Plaintiffs repeat and re-allege each and every allegation in the above

19  paragraphs of this Complaint with the same force and effect as if fully set forth

20  herein.

21      48.    Plaintiffs each had a cognizable interest under the Due Process Clause

22  of the Fourteenth Amendment of the United States Constitution to be free from

23  state actions that would deprive them of life, liberty, or property in such a manner

24  as to shock the conscience, including state actions that interfere with Plaintiffs'

25  familial relationship with their loved one and family member, Decedent.

26      49.    Decedent had a cognizable interest under the Due Process Clause of

27  the Fourteenth Amendment of the United States Constitution to be free from state

28

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

564190.docx

1   actions that deprive him of life, liberty, or property in such a manner as to shock

2   the conscience.

3       50.    The aforementioned actions of the FPD Defendants, FCSD

4   Defendants, and Does 1-10, along with undiscovered conduct, shock the

5   conscience, in that they acted with deliberate indifference to the constitutional

6   rights of Decedent and Plaintiffs or with purpose to harm unrelated to any

7   legitimate law enforcement objective.

8       51.    The conduct of the FPD Defendants, FCSD Defendants, and Does 1-

9   10 was willful, wanton, malicious, and done with reckless disregard for the rights

10  and safety of Decedent, and therefore warrants the imposition of exemplary and

11  punitive damages.

12      52.    Plaintiffs bring this claim individually and as successors-in-interest to

13  the Decedent and seek both survival and wrongful death damages. Plaintiffs also

14  seek funeral and burial expenses and attorney's fees.

15                  **FOURTH CLAIM FOR RELIEF**

16  **Fourteenth Amendment – Substantive Due Process (42 U.S.C. §1983)**

17                  (Against Morgan Anderson)

18      53.    Plaintiffs repeat and re-allege each and every allegation in the above

19  paragraphs of this Complaint with the same force and effect as if fully set forth

20  herein.

21      54.    Plaintiffs each had a cognizable interest under the Due Process Clause

22  of the Fourteenth Amendment of the United States Constitution to be free from

23  state actions that would deprive them of life, liberty, or property in such a manner

24  as to shock the conscience, including state actions that interfere with Plaintiffs'

25  familial relationship with their loved one and family member, Decedent.

26      55.    Decedent had a cognizable interest under the Due Process Clause of

27  the Fourteenth Amendment of the United States Constitution to be free from state

28  actions that deprive him of life, liberty, or property in such a manner as to shock

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-10

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

564190.docx

1    the conscience.

2        56.    The aforementioned actions of Anderson shock the conscience, in that

3    he acted with deliberate indifference to the constitutional rights of Decedent and

4    Plaintiffs or with purpose to harm unrelated to any legitimate law enforcement

5    objective.

6        57.    The conduct of the FPD Defendants, FCSD Defendants, and Does 1-

7    10 was willful, wanton, malicious, and done with reckless disregard for the rights

8    and safety of Decedent, and therefore warrants the imposition of exemplary and

9    punitive damages.

10       58.    Plaintiffs bring this claim individually and as successors-in-interest to

11   the Decedent and seek both survival and wrongful death damages. Plaintiffs also

12   seek funeral and burial expenses and attorney's fees.

13                        **FIFTH CLAIM FOR RELIEF**

14                           **Municipal Liability**

15                        (Against the City and County)

16       59.    Plaintiffs repeat and re-allege each and every allegation in the above

17   paragraphs of this Complaint with the same force and effect as if fully set forth

18   herein.

19       60.    The FPD Defendants, FCSD Defendants, and Does 1-10 acted under

20   color of law.

21       61.    The acts of the FPD Defendants, FCSD Defendants, and Does 1-10

22   deprived Decedent and Plaintiffs of their particular rights under the United States

23   Constitution, as described above.

24       62.    Upon information and belief, the City and the County have

25   determined or will determine that the conduct of FPD Defendants, FCSD

26   Defendants, and Does 1-10 was within policy. To Plaintiffs' knowledge, none of

27   FPD Defendants, FCSD Defendants, or Does 1-10 have been disciplined,

28   reprimanded, retrained, suspended, or otherwise penalized in connection with the

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-11-

1    incident. On information and belief, a final policymaker(s) for the City and/or

2    County has ratified or will ratify the conduct of FPD Defendants, FCSD

3    Defendants, and Does 1-10 and the bases for it.

4         63.    Plaintiffs further allege that the training policies of the City and/or

5    Country were not adequate to train law enforcement officers to handle the usual

6    and recurring situations with which they must deal. Specifically, as evidenced by

7    this incident, the City and/or Country did not adequately train its officers

8    adequately with respect to the use of force and restraint techniques, including

9    without limitation the danger of asphyxia during restraint. Also, as evidenced by

10   this incident, the City and/or Country did not adequately train its officers to

11   intervene when other officers are observed to be acting unreasonably, using

12   excessive force, or using dangerous and improper restraint techniques. Plaintiffs

13   allege that the City and/or County were deliberately indifferent to the obvious

14   consequences of its failure to train its police officers adequately. The failure of the

15   City and/or County to provide adequate training caused the deprivation of the

16   Decedent's and Plaintiff's rights.

17        64.    Upon information and belief, Plaintiffs further allege that the City

18   and/or County maintained unconstitutional customs, practices, and/or policies,

19   including inter alia with respect to using restraint methods that cause asphyxia and

20   death. Defendant City and/or County, including its relevant officials, whether

21   named or unnamed, had actual or constructive knowledge of these deficient

22   policies, practices and customs.

23        65.    Based on the above, Plaintiffs contends that the City and/or County

24   are directly liable under 42 U.S.C. § 1983 and *Monell v. Dep't of Soc. Servs. of*

25   *N.Y.*, 436 U.S. 658, 691 (1978).

26        66.    Plaintiffs bring this claim individually and as successors-in-interest to

27   the Decedent and seek both survival and wrongful death damages. Plaintiffs also

28   seek funeral and burial expenses and attorney's fees.

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-12

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

# FIFTH CLAIM FOR RELIEF

## Violation of Bane Act (Cal. Civil Code § 52.1)

(Against All Defendants)

67.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

68.     The FPD Defendants, FCSD Defendants, and Does 1-10, while acting within the course and scope of their duties, intentionally committed and attempted to commit acts of violence against Decedent, including using unreasonable and excessive force or by integrally participating and failing to intervene in the above acts.

69.     When the FPD Defendants and FCSD Defendants caused Decedent to asphyxiate, they interfered with his civil rights, including without limitation his rights to be free from unreasonable searches and seizures, to due process, to equal protection of the laws, and to life liberty, and property.

70.     The FPD Defendants, FCSD Defendants, and Does 1-10 successfully interfered with the above civil rights of Decedent.

71.     The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 caused Decedent's death.

72.     The City and County are vicariously liable for the wrongful acts of the FPD Defendants and FCSD Defendants and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

73.     The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for Decedent's rights, justifying an award of exemplary and punitive damages.

-13-

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

74.     Plaintiffs bring this claim as successors-in-interest to the Decedent and seek both survival and wrongful death damages, together with the statutory damages and attorneys' fees, under this claim.

### SIXTH CLAIM FOR RELIEF

### Battery – Wrongful Death (California Common Law)

(Against All Defendants)

75.     Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

76.     The FPD Defendants, FCSD Defendants, and Does 1-10, while working as city police officers and sheriff's deputies, and acting within the course and scope of their duties, used unreasonable and excessive force against Decedent. As a result of the actions of the FPD Defendants and FCSD Defendants, Decedent experienced pain and suffering and ultimately died.

77.     As a result of the actions of the FPD Defendants and FCSD Defendants, Plaintiffs were deprived of the lifelong love, companionship, comfort, support, society, care, sustenance, training, and guidance of the Decedent, and will continue to be so deprived for the remainder of their natural lives.

78.     The City and County are vicariously liable for the wrongful acts of the FPD Defendants, FCSD Defendants, and Does 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

79.     The conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 was malicious, wanton, oppressive, and accomplished with a conscious disregard for the rights of Decedent, entitling Plaintiffs, individually and as successors-in-interest to Decedent, to an award of exemplary and punitive damages.

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-14

564190.docx

80.    Plaintiffs bring this claim individually and as successors-in-interest to the Decedent, and seek both survival and wrongful death damages under this claim.

## SEVENTH CLAIM FOR RELIEF

### Negligence – Wrongful Death (California Common Law)

### (Against All Defendants)

81.    Plaintiffs repeat and re-allege each and every allegation in the above paragraphs of this Complaint with the same force and effect as if fully set forth herein.

82.    The actions and inactions of the FPD Defendants, FCSD Defendants, and Does 1-10 described above – together with undiscovered conduct – were negligent and reckless.

83.    The following conduct, without limitation, fell below the standard of care:

a.   the negligent tactics preceding and during the encounter with Decedent;

b.   the failure to properly and adequately assess Decedent's medical and/or mental health condition.

c.   the negligent determination to take Decedent into custody and/or escalation of the encounter;

d.   the negligent use of force against Decedent;

e.   the negligent restraint of Decedent; and

f.    the failure to recognize that Decedent was asphyxiating.

84.    As a direct and proximate result of the conduct of the FPD Defendants, FCSD Defendants, and Does 1-10 as alleged above, together with other negligent conduct not described or undiscovered, Decedent experienced pain and suffering and lost his life. Also as a direct and proximate result of the FPD Defendants and FCSD Defendants' conduct as alleged above, Plaintiffs suffered

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-15

564190.docx

1    emotional distress and mental anguish. Plaintiffs also have been deprived of the

2    life-long love, companionship, comfort, support, society, care, sustenance, training,

3    and guidance of Decedent, and will continue to be so deprived for the remainder of

4    their natural lives.

5         85.    Defendant City and County are vicariously liable for the wrongful acts

6    of FPD Defendants, FCSD Defendants, and Does 1-10 pursuant to section 815.2(a)

7    of the California Government Code, which provides that a public entity is liable for

8    the injuries caused by its employees within the scope of the employment if the

9    employee's act would subject him or her to liability.

10        86.    Plaintiffs bring this claim individually and as successors-in-interest to

11   the Decedent, and seek both survival and wrongful death damages under this

12   claim.

13                        **EIGHTH CLAIM FOR RELIEF**

14   **Gross Negligence – Wrongful Death (Health & Safety Code §1799.102)**

15         (Against Defendants Morgan Anderson and American Ambulance)

16        87.    Plaintiffs repeat and re-allege each and every allegation in the above

17   paragraphs of this Complaint with the same force and effect as if fully set forth

18   herein.

19        88.    The actions and inactions of Anderson were grossly negligent.

20        89.    The following conduct, without limitation, was grossly negligent:

21             a.  Deciding to place a hard backboard onto Decedent's back while he

22   was in a prone position;

23             b.  Applying pressure to the backboard and instructing others to apply

24   pressure to the backboard while Decedent was underneath the board in a prone

25   position;

26             c.  Instructing law enforcement officers to sit on the backboard while

27   Decedent was underneath the board in a prone position;

28             d.  Allowing a law enforcement officer to remain seated on the

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-16-

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

564190.docx

1    backboard while Decedent was underneath the board in a prone position;

2          e. Failing to check for a pulse for Decedent at any point prior to

3    Decedent being turned over;

4          f. Failing to check if Decedent was breathing while in a prone

5    position with the backboard on top of him; and

6          g. Failing to immediately perform CPR or other life-saving

7    maneuvers after realizing Decedent was unconscious; and

8          h. Failing to prevent Decedent from asphyxiating.

9      90.    As a direct and proximate result of the conduct of Anderson, Decedent

10    experienced pain and suffering and lost his life. Also as a direct and proximate

11    result of Anderson's conduct, Plaintiffs suffered emotional distress and mental

12    anguish. Plaintiffs have also been deprived of the life-long love, companionship,

13    comfort, support, society, care, sustenance, training, and guidance of Decedent,

14    and will continue to be so deprived for the remainder of their natural lives.

15      91.    Defendant American Ambulance is vicariously liable for the torts

16    committed by Anderson while in the course and scope of his employment with

17    American Ambulance.

18      92.    Plaintiffs bring this claim individually and as successors-in-interest to

19    the Decedent, and seek both survival and wrongful death damages under this

20    claim.

21                  **PRAYER FOR RELIEF**

22      WHEREFORE, Plaintiffs Anthony Perez, Cecilia Perez, Joseph Perez, Jr.,

23    Terralee Perez, and X.P., a minor by and through his guardian ad litem, Michelle

24    Perez, request entry of judgment in their favor and against Defendants as follows:

25      A.    For compensatory damages, in an amount to be proven at trial,

26    including both survival damages and wrongful death damages under federal and

27    state law;

28

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

564190.docx

B.    For funeral and burial expenses in an amount to be proven at trial;

C.    For statutory damages, in the amount permitted by law;

D.    For punitive damages against the individual defendants, in an amount to be proven at trial;

E.    For statutory damages;

F.    For interest;

G.    For reasonable costs of this suit and attorneys' fees;

H.    For costs of suit; and

I.    For such further relief as the Court may deem just, proper, and appropriate.

DATED:  April 22, 2019                          **ALDERLAW, PC**

                                                */s/ Neil K. Gehlawat*
                                    BY: _____
                                           Neil K. Gehlawat
                                           Attorney for Plaintiffs

**Alder Law, P.C.**
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

-18

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

564190.docx

# DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a trial by jury.

DATED:     April 22, 2019                    **ALDERLAW, PC**

                                                      */s/ Neil K. Gehlawat*
                                           BY: _____
                                                      Neil K. Gehlawat
                                                      Attorney for Plaintiffs

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

**COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

564190.docx

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 1875 Century Park East, Suite 1500, Los Angeles, California 90067.

On April 29, 2019, I served the foregoing document(s) described FIRST AMENDED COMPLAINT FOR DAMAGES on all interested parties in this action as set forth on the attached service list in the following manner:

☒ **BY MAIL:** I am familiar with this firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business.

☐ **BY FACSIMILE:** In addition to service by mail as set forth above, a copy of said document(s) was also delivered by facsimile transmission to the addressee(s) pursuant to Code of Civil Procedure §1013(e).

☐ **BY OVERNIGHT MAIL:** I caused said document(s) to be picked up via FEDERAL EXPRESS for delivery to the addressee(s) set forth on the attached service list on the next business day.

☐ **BY PERSONAL SERVICE:** I caused said document(s) to be delivered via personal delivery to the addressee(s) set forth on the attached service list.

☒ **BY ELECTRONIC SERVICE:** Pursuant to the agreement of the parties, I caused said document(s) to be delivered via electronic mail to the addressee(s) set forth on the attached service list.

☐ STATE:    I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

☒ FEDERAL: I declare that I am employed in the office of the member of the bar of this court at whose direction the service was made.

Executed on April 29, 2019 at Los Angeles, California.

_____
SANDRA ARELLANO

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

387595.docx

# SERVICE LIST

WEAKLEY & ARENDT
James D. Weakley, Esq.
Ashley N. Torres, Esq.
5200 North Palm Avenue, Suite 211
Fresno, CA 93704

Counsel for Defendants
County of Fresno, Braithan
Stoltenberg, Robert
McEwen, Karlson Manasan
and Jimmy Robnett

Mildred K. O'Linn, Esq.
Tony M. Sain, Esq.
Lynn Carpenter, Esq.
MANNING & KASS, ELLROD,
RAMIREZ, TRESTER, LLP
801 S. Figueroa Street, 15th Floor
Los Angeles, California 90017

Counsel for Defendants,
CITY OF FRESNO and
OFFICERS JAMES
ROSSETTI, SEAN
CALVERT and CHRIS
MARTINEZ

Alder Law, P.C.
1875 Century Park East, Suite 1500
Los Angeles, CA 90067

387695.docx