UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PEREZ, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>CITY OF FRESNO, et al.,<br><br>  Defendants. | Case No. 1:18-cv-00127-AWI-EPG<br><br>ORDER DENYING WITHOUT PREJUDICE STIPULATION FOR THE DISMISSAL WITH PREJUDICE OF PLAINTIFFS ANTHONY PEREZ AND CECILIA PEREZ FROM THE CERTAIN CLAIMS<br><br>(ECF No. 139) |

This matter is before the Court on a stipulation to dismiss certain claims. (ECF No. 139). As described below, because this filing fails to comply with Rule 41 of the Federal Rules of Civil Procedure, the parties' stipulation will be denied without prejudice.

**I.    THE PARTIES' STIPULATION**

On October 5, 2021, Plaintiffs Anthony Perez and Cecilia Perez and Defendants Morgan Anderson and American Ambulance filed a stipulation to dismiss with prejudice Plaintiffs Anthony Perez and Cecilia Perez's claims from the first amended complaint for excessive force (specifically, the second federal cause of action for excessive force) and all state claims (specifically, causes of action 5-8) against Defendants Morgan Anderson and American Ambulance. (ECF No. 139; *see* ECF No. 56). The parties' stipulation was signed by only their counsel; no counsel for any other Defendant signed the stipulation. Thus, even if the above claims

1 were dismissed as brought by Plaintiffs Anthony Perez and Cecilia Perez, the same claims would

2 remain against these same Defendants as to the other Plaintiffs in this case, *e.g.* Terralee Perez.

## II.     RULE 41

Rule 41(a)(1)(A)(ii) permits a plaintiff to dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared.[1] While the plain terms of this Rule permit the dismissal of "of *entire actions*, not of individual claims," the Ninth Circuit has "declined to read the rule literally as permitting the dismissal only of an entire action against all defendants." *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687 (9th Cir. 2005) (emphasis in original). However, the Rule has been read as allowing "the dismissal of all claims against one defendant, so that a defendant may be dismissed from the entire action," but it does not permit "the voluntary withdrawal of individual claims against a defendant remaining in the case." *Id.*; *see Vuz v. DCSS III, Inc.*, No. 20-cv-246-GPC-AGS, 2021 WL 4333552, at *3 (S.D. Cal. Sept. 22, 2021) ("Under Rule 41(a)(1)(A)(ii), a plaintiff may use a stipulation of voluntary dismissal to dismiss an action by filing 'a stipulation of dismissal signed by all parties who have appeared.' Fed. R. Civ. P. 41(a)(1)(A)(ii). The majority rule among courts is that parties may stipulate to dismiss all claims against some, but fewer than all, of the defendants in a case.").

Because, as discussed above, Defendants Morgan Anderson and American Ambulance would still remain Defendants in this case were certain claims of Plaintiffs Anthony Perez and Cecilia Perez dismissed against them, a Rule 41(a)(1)(A)(ii) stipulation of dismissal is not a permissible mechanism to dismiss individual claims against these Defendants.[2]

///

///

---

[1] Because the Court denies the stipulation to dismiss claims without prejudice, it is a non-final and non-dispositive order for purposes of Federal Rule of Civil Procedure 72, and thus this Court need not issue findings and recommendations. *See Florence v. Stanback*, 607 F. Supp. 2d 1119, 1120 (C.D. Cal. 2009) (noting that magistrate judge did not need to issue findings and recommendations on a motion to dismiss where the order denied the motion to dismiss without prejudice).

[2] Even if Rule 41(a)(1)(A)(ii) did apply here, the stipulation of dismissal is still deficient because it fails to contain the signature of all parties who have appeared, notably the Defendants in the case other than Morgan Anderson and American Ambulance.

### III. RULE 15

The Court notes that the parties can accomplish this result by filing an amended complaint, reflecting the changes reflected in the proposed dismissal.

"[W]ithdrawals of individual claims against a given defendant are governed by Fed. R. Civ. P. 15, which addresses amendments to pleadings." *Hells Canyon Pres. Council*, 403 F.3d at 687. Under Rule 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

If Plaintiffs choose to file an amended complaint, they should include a motion for leave to amend and indicate whether all parties to consent to amendment.  Moreover, the amended complaint should include all pending claims and parties. *See* Local Rule 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading. No pleading shall be deemed amended or supplemented until this Rule has been complied with.").

### IV. ORDER

For the reasons given above, IT IS ORDERED that the stipulation by Plaintiffs Anthony Perez and Cecilia Perez and Defendants Morgan Anderson and American Ambulance for the dismissal with prejudice of Plaintiffs Anthony Perez and Cecilia Perez from the second federal claim for excessive force and from all state claims against Defendants Morgan Anderson and American Ambulance as set forth in first amended complaint (ECF No. 139) is denied without prejudice to the filing of an amended complaint that reflects the changes in the proposed dismissal.

IT IS SO ORDERED.

Dated:  **October 6, 2021**              /s/ Erica P. Grosjean
                                          UNITED STATES MAGISTRATE JUDGE

3